UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ELIJAH MATHEW PITTMAN, | |
| Plaintiff, | Civil Action No. 16-1907 (JMV) |
| v. | **MEMORANDUM OPINION** |
| EAST JERSEY STATE PRISON, et al., | |
| Defendants. | |

APPEARANCES:
Elijah Mathew Pittman,
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327
    Plaintiff, *pro se*


VAZQUEZ, District Judge

    Plaintiff Elijah Mathew Pittman, an inmate presently confined at Bayside State Prison in Leesburg, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1), and submitted an application to proceed *in forma pauperis* (ECF No. 1-2). The Court finds Plaintiff's *in forma pauperis* application to be complete pursuant to 28 U.S.C. § 1915, and grants Plaintiff leave to proceed without prepayment of fees.

    At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. For the

reasons set forth below, the Complaint will be dismissed in part, and will be permitted to proceed in part.

I. BACKGROUND

Plaintiff's claims relate to a fire which broke out on January 30, 2015 at the East Jersey State Prison. At that time, Plaintiff was an inmate at the East Jersey State Prison and he states that the fire occurred in Cell 41,[1] which is located in the same unit in which Plaintiff was housed. Plaintiff asserts that a prison official, Officer Pikunich, had to be told twice that smoke was coming from Cell 41 before the officer took any action. Plaintiff asserts that the officer waited too long before checking on the fire. He further alleges that, after the officer used the fire extinguisher, the officer ran off the tier[2] and did not return to open the inmates' cell doors.

Plaintiff states that the smoke from the fire was heavy and entered his cell, but prison officials did not open the inmates' cell doors. Plaintiff turned on fans in his cell to blow the smoke away, he covered his mouth and nose with a wet washcloth to protect himself, and, ultimately, he washed his face in the toilet to ease his burning eyes. Finally, the officers opened his cell door and he was transported to the mess hall while prison officials dealt with the fire. However, Plaintiff asserts that he was returned to the unit in which the fire had occurred too soon. He complains that the air quality was poor due to the smoke and the residue from the fire extinguisher. Plaintiff states that he began having "shortness of breath with chest pains with throat pain and soreness and head aches." (Compl. 7, ECF No. 1). Plaintiff seeks damages in

---

[1] Plaintiff refers to this cell number as both "Cell #14" (Compl. 6, ECF No. 1), "Cell #41" (*Id.*), and "41 Cell" (*Id.* at 7). The accurate cell number is irrelevant for purposes of this Opinion; therefore, the Court will refer to this cell as "Cell 41."

[2] Presumably, the "tier" refers to the hallway that runs along the outside of the cells on Plaintiff's floor in the unit.

the amount of $900,000 for his "chest pains shortnes[s] of breath and throat pain . . . ." (Compl. at 6).  He also seeks relief due to the fact that the prison did not have fire sprinklers on that unit and in his cell; and he states that in the nearly 6 years he was housed in that unit, prison officials did not conduct a fire drill.

Plaintiff names as defendants the East Jersey State Prison, Officer Pikunich, and Patrick Nogan—the Administrator of East Jersey State Prison.

## II.    STANDARDS OF REVIEW

A. <u>Sua Sponte Dismissal</u>

Per the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

"While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679); *see also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in *Thomaston v. Meyer*, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

  B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. <u>DISCUSSION</u>

Presumably, Plaintiff asserts that defendants violated his Eighth Amendment right to safe conditions of confinement as a result of the fire that occurred on January 30, 2015 in the unit in which he was housed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Whitley v. Albers,* 475 U.S. 312, 318–19, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986); *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015). "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quotations and citations omitted). "A prison official may be held liable under the Eighth Amendment 'only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Spencer v. Sec'y Dep't of Corr.*, 618 F. App'x 85, 87 (3d Cir. 2015) (quoting *Farmer*, 511 U.S. at 847); *see also Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (holding no Eighth Amendment violation unless "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to her future health").

In construing the *pro se* Complaint liberally as this Court must, *see Haines*, 404 U.S. at 520-21, it appears that Plaintiff sets forth five separate ways in which he believes his rights were violated. Namely, Plaintiff alleges that he was exposed to harm because: (1) there were no fire sprinklers in his unit (Compl. 8, ECF No. 1); (2) the prison did not conduct any fire drills in the nearly six years that he was housed in the unit (*id.*); (3) Officer Pikunich waited too long to respond to the inmates' report of the fire (*id.* at 6); (4) Officer Pikunich left the tier without opening the inmates' cell doors (*id.*); and (5) Plaintiff was returned to his cell too soon after the fire (*id.* at 7).

6

A. Claims Against East Jersey State Prison

Plaintiff has named the East Jersey State Prison as a defendant in his Complaint. A jail, however, is not a "person" amenable to suit under § 1983. *See, e.g., Parness v. Essex Cty. Corr. Facility*, No. 15-2397, 2016 WL 1643773, at *5 (D.N.J. Apr. 25, 2016) (citing *Harris v. Hudson Cty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (collecting cases)); *see also Parrish v. Aramark Foods, Inc.*, No. 11–5556, 2012 WL 1118672, *3 (D.N.J. April 2, 2012) (collecting cases). The proper defendant would be the county which operates the facility. *See Parness*, 2016 WL 1643773, at *5. Accordingly, this Court will dismiss with prejudice all claims against East Jersey State Prison.

B. Claims Against Administrator Nogan

In his Complaint, Plaintiff states that Administrator Nogan failed to ensure that fire sprinklers were installed in the unit in which Plaintiff was housed. Plaintiff also alleges that Administrator Nogan put Plaintiff's health in jeopardy when he returned Plaintiff to the unit too soon after the fire had occurred. However, in the Statement of Claims section of his Complaint, Plaintiff does not allege any facts with respect to this defendant. Specifically, Plaintiff does not allege that Administrator Nogan had any knowledge of, or responsibility for, the prison's fire safety system or procedure; nor does Plaintiff allege that Administrator Nogan was aware of the fire, or made any decisions with regard to when Plaintiff was returned to his cell.

The Third Circuit has consistently held that "a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs" in order set forth a claim under § 1983. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual

7

knowledge of and acquiescence in the wrongful conduct. *Id.*; *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 claims may not be based on vicarious liability, each defendant must have "personal involvement, including participation, or actual knowledge and acquiescence, to be liable"); *Batts v. Giorla*, 550 F. App'x 110, 112 (3d Cir. 2013) (same).

Because Plaintiff has not alleged any facts which suggest Administrator Nogan had any personal involvement or knowledge of the conditions of which Plaintiff complains, he has failed to sufficiently plead a cause of action. Therefore, the claims against Administrator Nogan will be dismissed without prejudice.

C. Claims against Officer Pikunich

With respect to Officer Pikunich, Plaintiff states that he put Plaintiff's life in danger by waiting too long before investigating the report of the fire (Compl. 6, ECF No. 1), and by running off of the tier without opening Plaintiff's cell door and helping him get out of his cell (*id.* at 4). The allegations of the Complaint are unclear with respect to this defendant. In particular, it is uncertain whether Officer Pikunich was the officer who extinguished the fire and, whether Officer Pikunich left the tier without opening the cell doors while the fire was ongoing, or after it had been extinguished. However, accepting as true Plaintiff's allegations, *see James*, 700 F.3d at 679, and construing Plaintiff's Complaint liberally, *see Haines*, 404 U.S. at 520-21, it appears that Plaintiff has adequately pled a claim against Officer Pikunich for violations of his Eighth Amendment rights.

IV. APPLICATION FOR PRO BONO COUNSEL

Plaintiff has filed a request for the appointment of pro bono counsel. (ECF No. 1-3). Specifically, he states that he does not have an understanding of the law and he worries that he

will be faced with paperwork that he does not understand, and with questions that he cannot answer.  He further asserts that he cannot afford an attorney on his own.

"Unlike criminal litigants, indigent civil litigants have no constitutional right to counsel." *Carson v. Mulvihill*, 488 F. App'x 554, 558 (3d Cir. 2012) (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  The courts have broad discretion to decide when a request for counsel is warranted.  *Id.* (citing *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993)); *see also Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002).  In exercising its discretion, the court must first determine whether a plaintiff's claims have merit, and if so, the court must then consider a number factors which include: the litigant's ability to present his own case, the difficulty of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such investigation as is necessary, the litigant's ability to retain counsel on his own behalf the extent to which the case will turn on credibility determinations, and whether the case will require expert testimony.  *See Parham*, 126 F.3d at 457 (citing *Tabron,* 6 F.3d at 155–57); *Cuevas v. United States,* 422 F. App'x 142, 144–45 (3d Cir. 2011).  These factors are not exhaustive, and the Court is free to consider any other facts or factors it deems relevant.  *Carson*, 488 F. App'x at 558; *Montgomery,* 294 F.3d at 499.

As discussed above, some of Plaintiff's conditions of confinement claims have been sufficiently pled to survive screening.  Therefore, this Court will examine Plaintiff's request under the factors outlined in *Tabron*.  Here, Plaintiff's claims are relatively straightforward and are based on a simple fact pattern.  It is unlikely that extensive discovery will be needed because the defendant will likely provide documentation relevant to the prison's fire safety system and procedures.  It also appears unlikely that expert testimony will be needed.  Although Plaintiff does not have the resources to afford an attorney on his own, the Court finds that the *Tabron*

factors do not weigh in favor of granting counsel at this time. Therefore, Plaintiff's request will be denied. In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* by the Court or upon a motion properly filed by Plaintiff.

V.    CONCLUSION

For the foregoing reasons, Plaintiff is granted leave to proceed *in forma pauperis*. Plaintiff's request for pro bono counsel is denied. Plaintiff's claims against East Jersey State Prison will be dismissed with prejudice, and Plaintiff's claims against Administrator Nogan will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.[3] Plaintiff's claims against Officer Pikunich will not be dismissed at this time.

An appropriate Order follows.

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge

Date: 05/09/2016

---

[3] To the extent Plaintiff seeks to amend his Complaint to cure the deficiencies noted herein, he may do so as a matter of course, *see* FED. R. CIV. P. 15(a)(1), or upon leave of the Court, *see* FED. R. CIV. P. 15(a)(2). However, Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.