<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ELIJAH MATHEW PITTMAN, : | |
| : | Civil Action No. 13-7656 (JMV) |
| Plaintiff, : | |
| v.  : | **OPINION** |
| EAST JERSEY STAE PRISON, *et al.*, : | |
| Defendants. : | |

APPEARANCES:

Elijah Mathew Pittman
Bayside State Prison
P.O. Box F-1
Leesburg, NJ 08327
    Plaintiff, *pro se*

**VAZQUEZ,** District Judge

    Plaintiff Elijah Mathew Pittman, an inmate presently confined in Bayside State Prison in Leesburg, New Jersey, filed this civil rights action on April 6, 2016. (ECF No. 1.) Plaintiff was granted *in forma pauperis* status, and his claims under 42 U.S.C. § 1983 against Officer Pikunich were allowed to proceed past screening, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A(b). Plaintiff's § 1983 claims against Patrick Nogan were dismissed without prejudice for failure to state a claim upon which relief may be granted, and his § 1983 claims against East Jersey State Prison were dismissed with prejudice. (ECF Nos. 2, 3.) Plaintiff's Amended Complaint is now before the Court for screening pursuant to §§ 1915(e)(2)(B) and 1915A(a), (b).

1

I.      AMENDED COMPLAINT

Plaintiff's Amended Complaint arises out of injuries he suffered from smoke inhalation during a fire in East Jersey State Prison on January 30, 2015. (ECF No. 9, ¶6.) Plaintiff alleges Patrick Nogan, the Administrator of East Jersey State Prison, was both deliberately indifferent and negligent because he knew there were no sprinklers in the cells in the unit where Plaintiff was housed, and there were no fire drills in his unit for six years. (*Id.*) Plaintiff further asserts Nogan returned him to the unit soon after the fire, and the air quality was dangerous to his health, causing him lasting injury. (*Id.*)

Plaintiff also added a new defendant, Gary Lanigan, the Commissioner of the New Jersey Department of Corrections. (*Id.*, ¶4(c)). Plaintiff alleges Lanigan was negligent for failing to have sprinklers in his unit, for failing to hold fire drills, and for failing to keep the prison up to date on fire codes. (*Id.*, ¶6.) Plaintiff has not specifically alleged that the fire codes required sprinklers in his unit or that fire drills were required.

II.     DISCUSSION

A.      *Sua Sponte* Dismissal

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must screen complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint" but need not accept legal conclusions as true. *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B.   Section 1983 claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation

was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Whitley v. Albers*, 475 U.S. 312, 318–19 (1986); *Young v. Martin*, 801 F.3d 172, 177 (3d Cir. 2015). The Amendment imposes duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations and citations omitted).

"A prison official may be held liable under the Eighth Amendment 'only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Spencer v. Sec'y Dep't of Corr.*, 618 F. App'x 85, 87 (3d Cir. 2015) (quoting *Farmer*, 511 U.S. at 847); *see also Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (holding no Eighth Amendment violation unless "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to her future health"). Negligent conduct does not give rise to a claim under § 1983. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

In the Amended Complaint, Plaintiff alleges it was Nogan's duty as the Administrator to protect inmates in East Jersey State Prison from fire, and Nogan knew there were no sprinklers in his unit. Plaintiff asserts that sprinklers would have prevented the fire from getting out of control, which would have prevented his injury from smoke inhalation. Combined with Plaintiff's allegation that there weren't any fire drills in his unit in six years, a condition Nogan presumably

would have been aware of, and which may have contributed to the delay in removing Plaintiff from his cell during the fire, Plaintiff has alleged sufficient facts to state a claim of deliberate indifference to his safety based on the conditions in his unit in East Jersey State Prison. *See Rhodes v. Chapman*, 452 U.S. 337, 362-63 (2005) ("a court considering an Eighth Amendment challenge to conditions of confinement must examine the totality of the circumstances.")

Plaintiff also claims Nogan was deliberately indifferent to his health because he returned Plaintiff to his cell before the air quality had returned to a safe level. After he was removed from his cell during the fire, Plaintiff was taken to the mess hall for half an hour, and then to the drill hall for six to eight hours. He was returned to his cell where it was difficult to breathe due to the heavy smell of smoke in the air.

Plaintiff has not alleged facts suggesting Nogan himself returned Plaintiff to his cell or even that it was Nogan's decision to return him to his cell at that time. Furthermore, Plaintiff has not alleged how Nogan knew the air quality in the unit was hazardous to an inmate's health. Therefore, Plaintiff has failed to state a claim of deliberate indifference against Nogan for knowingly returning him to a hazardous condition in his cell. This claim will be dismissed without prejudice.

C.   Negligence

Plaintiff alleges Nogan and Lanigan were negligent because there were no sprinklers in his unit, there were no fire drills for six years, and they failed to keep the prison up to date on the fire codes. Plaintiff also asserts Officer Pikunich was negligent by his delay in responding to the report of a fire, and delay in getting a fire extinguisher to put the fire out. The Court notes these allegations in the original complaint were allowed to proceed against Pikunich as § 1983 claims for deliberate indifference to Plaintiff's safety.

Plaintiff did not expressly plead a cause of action under the New Jersey Tort Claims Act ("NJTCA"), and it is not clear whether he intended to do so. Although Plaintiff asserts that he exhausted his administrative remedies with respect to his § 1983 claims, he has not alleged that he complied with the notice requirements of the NJTCA.

The NJTCA provides that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. Chapter 8 of the NJTCA requires a claimant to file a Notice of Claim. *Id.* at § 59:8-4. The notice must be signed and filed with the public entity within 90 days of the accrual of the cause of action. *Id.* at § 59:8-8. "The claimant shall be forever barred from recovering against a public entity or employee if . . . [he] failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9."[1] *Badalmente v. Monmouth County Prosecutor's Office*, Civ. Action No. 08-2501, 2011 WL 1898833, at *8 (D.N.J. May 17, 2011); *see El v. Wehling*, Civ. Action No. 12-7750(JBS), 2015 WL 1877667, at *16 (D.N.J. Apr. 23, 2015) (dismissing prisoner's NJTCA claim upon screening for failing to allege compliance with NJTCA notice requirement).

If Plaintiff seeks to bring negligence claims against Pikunich, Nogan and Lanigan under the NJTCA, he should file a Second Amended Complaint expressly raising such claims, and stating whether he has complied with the NJTCA notice requirements.

### III.   CONCLUSION

---

[1] "A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. . ." N.J.S.A. § 59:8-9.

For the reasons discussed above, Plaintiff's § 1983 claim against Nogan for knowingly exposing Plaintiff to injury by not having sprinklers in his unit and not holding fire drills for six years may proceed. The remainder of Plaintiff's §1983 claims against Nogan are dismissed without prejudice. To the extent that Plaintiff may have intended to bring claims against Pikunich, Nogan and Lanigan under the New Jersey Tort Claims Act, those claims are dismissed without prejudice.

An appropriate order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Date: 10/25/26
At Newark, New Jersey