<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELIJAH MATTHEW PITTMAN, | : | **CIV. NO. 16-1907 (JMV)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| OFFICER PIKUNICH and PATRICK NOGAN, Administrator East Jersey State Prison, | : | |
| Defendants. | : | |

**VAZQUEZ**, United States District Judge

Plaintiff, a former inmate at Bayside State Prison in Leesburg, New Jersey, brought this civil rights action on April 6, 2016, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On May 10, 2016, this Court granted Plaintiff's application to proceed *in forma pauperis,* permitted the Eighth Amendment claims to proceed against Officer Pikunich, and dismissed the remainder of the complaint. (Order, ECF No. 3.) Plaintiff filed an amended complaint on July 22, 2016, (ECF No. 9), and the Court permitted a § 1983 claim against Patrick Nogan to proceed while dismissing the remainder of the amended complaint. (ECF Nos. 10, 11.)

On April 28, 2017, the Court granted Plaintiff's request for an extension of time to serve the summons and complaint upon Defendants. (ECF No. 23.) On May 5, 2017, a summons was returned as executed on Patrick Nogan. (ECF No. 24.) On May 12, 2017, Defendant Patrick Nogan filed an answer to the amended complaint. (ECF No. 26.) On May 24, 2017, mail sent to Plaintiff by the Court was returned with the message "no longer housed at Bayside." (ECF No. 27.) Plaintiff has not contacted the Court to provide his new address.

I.     DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a Plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. *See Archie v. Dept. of Corr.*, Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).

Mail sent to Plaintiff's last known address was returned to the Court. To date, Plaintiff has not informed the Court of his new address. When dismissing an action as a sanction, a court should weigh the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3rd Cir. 1984).

A. <u>Extent of the Party's Personal Responsibility</u>

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

B. <u>Prejudice to the Adversary</u>

Defendant Patrick Nogan filed an answer on May 12, 2017. The litigation cannot proceed until the Court is apprised of Plaintiff's current and correct contact information.

### C. History of Dilatoriness

Plaintiff has, until this point, been diligent in contacting the Court for the status of his case, despite multiple instances where the prison failed to deliver to him the mail sent by this Court.

### D. Whether the Conduct of the Party Was Willful or in Bad Faith

It is not presently known whether Plaintiff's conduct was willful or in bad faith.

### E. Effectiveness of Alternative Sanctions

Sanctions other than dismissal will not be effective because the Court cannot communicate any sanctions to Plaintiff without his current mailing address.

### F. The Merits of the Claims or Defenses

The final factor to consider is whether the Plaintiff's claims have merit. The amended complaint was allowed to proceed past screening under 28 U.S.C. § 1915(e)(2)(B). (Order, ECF No. 11.) Yet, Defendant Nogan has now filed his answer in which he denies Plaintiff's claims and asserts numerous affirmative defenses. Without the benefit of the parties' respective positions following discovery, the Court cannot determine whether Plaintiff's claims will ultimately be meritorious.

Weighing all of the factors, dismissal as a sanction is warranted in this case because the case cannot move forward without a way to communicate with Plaintiff.

## II. CONCLUSION

This action is dismissed without prejudice because Plaintiff failed to notify the Court of his forwarding address, as required by Local Civil Rule 10.1.

An appropriate Order follows.

Dated: July 10, 2017

                                                    s/ John Michael Vazquez
                                                    JOHN MICHAEL VAZQUEZ
                                                    UNITED STATES DISTRICT JUDGE